**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

CRM of the Carolinas, LLC, Petitioner,

v.

Trevor W. Steel, Respondent.

Appellate Case No. 2023-001166

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Georgetown County
Joe M. Crosby, Master-in-Equity

---

Memorandum Opinion No. 2024-MO-011
Submitted April 15, 2024 – Filed April 24, 2024

---

**REVERSED AND REMANDED**

---

Joseph Clay Hopkins, of Charleston, for Petitioner.

Roger Philip Giardino, Jr., of Giardino Law Firm, LLC, of Pawleys Island, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the court of appeals' decision in *CRM of the Carolinas, LLC v. Steel*, 2023-UP-178 (S.C. Ct. App. filed May 11, 2023). We grant the petition, dispense with further briefing, and reverse and remand to the court of appeals for consideration of the appeal.

In this breach of contract action, the master-in-equity denied petitioner's request for damages and attorney's fees by order dated March 12, 2020. Petitioner electronically filed (E-Filed) a notice of appeal and a copy of the master's order with the circuit court on April 3, 2020. *See* Rule 203(d)(1)(A), SCACR (requiring that a notice of appeal from the circuit court be filed with the clerk of the circuit court and the clerk of the appellate court). Pursuant to the provisions of the South Carolina Electronic Filing Policies and Guidelines (SCEF), respondent was served with a Notice of Electronic Filing (NEF) that was automatically transmitted by e-mail to counsel for respondent immediately after the notice of appeal was E-Filed. *See* Section 4(e)(2), SCEF ("[U]pon the E-Filing of any pleading, motion, or other paper subsequent to the summons and complaint or other filing initiating a case, the E-Filing System will automatically generate and transmit an NEF to all Authorized E-Filers associated with that case," and "the E-Filing of that pleading, motion, or other paper, together with the transmission of an NEF, constitutes proper service under Rule 5, SCRCP, as to all other parties who are E-Filers in that case.").

Subsequently, a nonlawyer employee of counsel for respondent e-mailed a nonlawyer employee of counsel for petitioner to request a copy of the notice of appeal. That same day, the employee sent a reply by e-mail, attaching a copy of the notice of appeal to the e-mail. The same employee later mailed a copy of the notice of appeal to counsel for respondent by regular U.S. Mail, but transposed the numbers on the P.O. Box. Accordingly, the mailing was returned and not resent until after the deadline to serve the notice of appeal expired. *See* Rule 203(b)(1), SCACR (requiring that a notice of appeal be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment).

The court of appeals dismissed the appeal for lack of appellate jurisdiction because the notice of appeal was served on respondent by a method that was not authorized by the South Carolina Appellate Court Rules or order of the Supreme Court. *CRM*, 2023-UP-178, at *4.

At the time of the service of this notice of appeal, Rule 262(b), SCACR, permitted service by personal delivery or by U.S. Mail. However, the Court had also recently promulgated an order addressing the COVID emergency that allowed for service by

e-mail. *Operation of the Appellate Courts During the Coronavirus Emergency*, para. (g)(3), S.C., Sup. Ct. Order filed March 20, 2020 ("During this emergency, this Court authorizes a lawyer admitted to practice law in this state to serve a document on another lawyer admitted to practice law in this state using the lawyer's primary e-mail address listed in the Attorney Information System (AIS)."). The Court subsequently amended Rule 262(a) and (c), SCACR, to provide that, in addition to traditional methods of filing and service, documents in appellate cases may be filed and served "by electronic means in a manner provided by order of the Supreme Court of South Carolina," and the Court promulgated an order incorporating the provisions of the emergency order with respect to service by e-mail, *Methods of Electronic Filing and Service Under Rule 262 of the South Carolina Appellate Court Rules*, para. (d)(1), S.C. Sup. Ct. Order (as amended May 6, 2022).

The language in these rules and orders has created confusion over whether service by NEF meets the requirements for serving a notice of appeal under the South Carolina Appellate Court Rules. This confusion is understandable given that Rule 203 mandates a notice of appeal be filed in the lower court in addition to the appellate court, and any court where E-Filing is mandated or authorized provides for automatic service of E-Filed documents. Furthermore, NEFs generated by the E-Filing System affirmatively state that service is complete and list the parties who have been served and any other parties that may need to be served by some other method of service.

Today, we resolve this confusion by issuing an amended order under Rule 262, SCACR, concerning the permissible methods of service of a notice of appeal. In addition to other forms of authorized electronic service, that order states a notice of appeal may be served in accordance with any Electronic Filing Policies and Guidelines, or other similar rules established by order of this Court, that permit the electronic filing and service of documents. *Methods of Electronic Filing and Service Under Rule 262 of the South Carolina Appellate Court Rules*, para. (d)(4), S.C. Sup. Ct. Order (as amended April 24, 2024).

Further, because there was no appropriate guidance with respect to this issue at the time of the service of this notice of appeal, we reverse the court of appeals' order dismissing the appeal and hold that automatic service of the NEF upon the E-Filing of a notice of appeal constitutes proper service of the notice of appeal as to parties

who are represented by counsel and proceeding in the E-Filing System.[1] *Eberly v. D.R. Horton, Inc.*, Op. No. 28199, (S.C. Sup. Ct. filed April 24, 2024) (Howard Adv. Sh. No. 15 at 16).  We remand to the court of appeals for consideration of the merits of the appeal.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**

---

[1] Service of the notice of appeal by NEF would not be effective for a self-represented party because NEFs are only transmitted to Authorized E-Filers, and the only current Authorized E-Filers are attorneys who are licensed to practice in this state.  *See* Section 4(e)(2), SCEF ("NEFs are only transmitted via email to Authorized E-Filers who are counsel of record"); Section 4(e)(5), SCEF ("E-Filed motions, pleadings, or other papers that must be served upon a party who is not represented by an Authorized E-Filer in the case or who is a Traditional Filer must be served by a Traditional Service method in accordance with Rule 5, SCRCP, or any order of the Supreme Court issued under Rule 613, SCACR.").